**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JENNIFER T. SILC, and individual,** ) | |
| **JENNIFER T. SILC, D.D.S., M.S., LTD,** an ) | |
| **Illinois corporation, and WOODFIELD** ) | |
| **SURGICAL CENTER, LLC,** an Illinois ) | |
| limited liability company, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Case No. 13 C 1306** |
| v. ) | |
| ) | **Magistrate Judge Jeffrey Cole** |
| **HENRY W. CROSSETTI,** an individual, ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

The parties are periodontists in a dispute over the transfer of the practice from defendant to plaintiff. The transfer was covered by two agreements. The first – the Stock and Membership Interest Agreement ("Agreement") executed in August 2008 – concerned the defendants' sale of half of his shares and interest in what was then Henry W. Crossetti, DDS, Ltd. ("Corporation") and the Woodfield Surgical, LLC ("Woodfield") to the plaintiff. The second – the First Amendment to the Agreement ("Amended Agreement") executed in 2011 – covered the defendant's sale of his remaining shares and interest in the Corporation and Woodfield.

But, there were a number of problems, eventually precipitating the plaintiffs' lawsuit. Jennifer Silc, DDS, the Corporation, and Woodfield bring a twelve-count complaint, charging the defendant with breaching the Agreement and Amended Agreement, breaching his fiduciary duty to the Corporation, intentionally interfering with business relations, fraud, and negligence by performing faulty surgical procedures despite knowing his skills had deteriorated, breaching the Amended Agreement's covenant not to compete, failing to repay the Corporation for several loans,

breaching an oral agreement between with the plaintiff by failing to pay his share of attorneys' fees for the transfer of the practice. The plaintiffs demanded a jury. The defendant has moved to strike the jury demand. He points out that all of plaintiffs' claims arise out of the Agreement, Amended Agreement, or related promissory notes and that all those instruments include waivers of the right to a jury trial.

We begin with the defendant's motion. The defendant says that "[i]n the Notes and related Agreements that purport to serve as the basis for this lawsuit . . . the Plaintiffs expressly and repeatedly waived their right to a trial by jury . . . ." (*Defendant's Motion*, ¶3). The defendant goes on to quote the waivers from each of the promissory notes. The waivers in the notes invariably read: "DEBTOR HEREBY WAIVES HER [or ITS] RIGHT TO A TRIAL BY JURY IN CONNECTION WITH ANY LEGAL PROCEEDING PERTAINING TO THIS NOTE." (*Defendant's Motion*, ¶3)(Uppercase in original). The waiver in the Guaranty – with Dr. Silc as guarantor and Dr. Crossetti as lender – covered "ANY DISPUTE (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) BETWEEN OR AMONG THE GUARANTOR ARISING OUT OF OR IN ANY WAY RELATED TO THIS GUARANTY, THE NOTE, OR ANY RELATIONSHIP BETWEEN THE LENDER AND THE GUARANTOR. THIS PROVISION IS A MATERIAL INDUCEMENT TO THE LENDER TO PROVIDE THE FINANCING HEREIN AND IN THE NOTE." (*Defendant's Motion*, ¶3). The defendant neither quotes, nor makes any reference to any waiver provision in the Agreement or the Amended Agreement. (*Defendant's Motion*, ¶3)(Uppercase in original).

Perhaps predictably, the plaintiffs' response deals only with the promissory notes, and they submit that none of their claims are based on those instruments. Instead, they explain that their claims are based on the Agreement and the Amended Agreement, and a couple of oral agreements

as well – the loan and the attorneys' fee splitting agreement. (*Plaintiffs' Response*, at 3). That certainly seems to be correct; none of the counts have anything to do with plaintiffs' obligations to pay under the promissory notes. The plaintiffs then claim that there are no waiver provisions in the Agreement or the Amended Agreement. (*Plaintiff's Response,* at 3).

The defendant's reply brief points to a waiver provision of sorts in the Agreement, namely the arbitration clause:

> Any controversy or claim arising out of or relating to any provision of this Agreement shall be settled by arbitration, in accordance with the Commercial Arbitration Rules of the American Arbitration Association . . . .

(Agreement, § 14; *Defendant's Reply*, at 2). The defendant also argues that the phrase "pertaining to" in the waivers in the promissory notes is sweeping enough to bring in anything in this proceeding. (*Defendant's Reply*, at 2).

Of course, an agreement to arbitrate is effectively a waiver of the right to a jury trial. *Carter v. SSC Odin Operating Co., LLC*, 237 Ill.2d 30, 50, 927 N.E.2d 1207, 1220 (2010); *Melena v. Anheuser-Busch, Inc.*, 219 Ill.2d 135, 151, 847 N.E.2d 99, 108-109 (2006); *Janiga v. Questar Capital Corp.*, 615 F.3d 735, 743 (7th Cir. 2010). The problem is that the defendant did not alert the court or the other side to the arbitration provision in the Agreement until his reply brief.[1] That was too late. "A reply brief is for replying, not for raising a new ground . . . ." *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 360 (7th Cir. 1987). Arguments that aren't developed until a reply brief are deemed waived. *Nationwide Ins. Co. v. Central Laborers' Pension Fund*, 704 F.3d 522, 527 (7th

---

[1] Again, the defendant mentioned the Agreement in passing, but did not quote it or cite to it. Moreover, the arbitration clause in the Agreement is one paragraph in a fifteen-page document. Judges cannot be expected to play archaeologist with the record and uncover artifacts to support a party's position. *Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 630 (7th Cir. 2003); *Contilli v. Local 705 Intern. Broth. of Teamsters Pension Fund*, 559 F.3d 720, 724 (7th Cir. 2009). "An advocate's job is to make it easy for the court to rule in his client's favor . . . ." *Dal Pozzo v. Basic Machinery Co., Inc,*. 463 F.3d 609, 613 -614 (7th Cir. 2006).

Cir. 2013); *Bodenstab v. County of Cook*, 569 F.3d 651, 658 (7th Cir. 2009). The idea behind this is that waiting until the reply brief can result in sandbagging, which leaves opponent with no opportunity to respond to new material – or requires further briefing in the form of a sur-reply. *See generally Wachovia Securities, LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 758 (7th Cir.2012);*S.E.C. v. Benger*, _F.Supp.2d_, 2013 WL 1150514 (N.D.Ill. 2013).

Sandbagging however, is not what was intended or what occurred in this case. The defendant simply was wrong about the source of plaintiffs' claims and focused on the promissory notes instead of the Agreement and the Amended Agreement. And to leave the issue unresolved ignores the elephant in the room: the arbitration clause in the Agreement. So, the motion to strike will be denied without prejudice to the defendant refiling it. The parties can then focus on the real issues and submit appropriately supported and developed briefs. The plaintiffs will have to come to grips with the arbitration clause in the Agreement, and the defendants will have address the claims in the plaintiffs' complaint that are not based on the Agreement.

## CONCLUSION

The defendant's motion to strike the plaintiffs' jury demand [Dkt. # 10] is DENIED without prejudice to the defendant refiling it.

ENTERED:_____
UNITED STATES MAGISTRATE JUDGE

DATE: 5/14/13