# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SILC et al. )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>CROSSETTI )<br>)<br>)<br>**Defendant.** )<br>) | Case No: 13 cv 1306<br><br>Magistrate Judge Jeffrey Cole |

## MEMORANDUM OPINION AND ORDER

The parties are periodontists in a dispute over the transfer of the practice from defendant to plaintiff. The transfer was covered by two agreements. The first – the Stock and Membership Interest Agreement ("Agreement") executed in August 2008 – concerned the defendant's sale to the plaintiff of half of his shares and interest in what was then Henry W. Crossetti, DDS, Ltd. ("Corporation") and the Woodfield Surgical, LLC ("Woodfield"). The second – the First Amendment to the Agreement ("Amended Agreement") executed in 2011 – covered the defendant's sale of his remaining shares and interest in the Corporation and Woodfield.

The Amended Agreement included a covenant not to compete. Pursuant to that clause, Dr. Crossetti agreed "to refrain from performing periodontic services within a fifty (50) mile radius of the current offices of the Corporation for a period of five (5) years from the date [defendant] ceases providing services to the Corporation." (Amended Agreement, §10.22). One of the allegations the plaintiffs lodge against the defendant in this case is that he breached the covenant by "offering to train, for compensation, competing and referring dentists, . . . located within a fifty (50) mile radius of the current offices of the Corporation on the specialized implants being done by the Corporation."

(*First Amended Complaint*, ¶¶ 56-57). In his answer, the defendant denied that he was doing so, but also asserted a counterclaim that asks for a declaratory judgment that the type of training of dentists the plaintiffs allege in their complaint is not within the scope of the covenant's reference to "periodontic services." (*Answer*, ¶¶ 56-57, *Counterclaim*, ¶ 7).

The plaintiffs move to dismiss the counterclaim as repetitive and unnecessary. It is true that courts will dismiss a declaratory judgment claim as redundant if it mirrors the relief sought in the complaint. This is because, in such instances, the court will necessarily address the same issues when ruling on the complaint as raised in the counterclaim for declaratory judgment. *F.D.I.C. v. OneBeacon Midwest Ins. Co.*, 883 F.Supp.2d 754, 762 (N.D.Ill. 2012).

But there are two issues here. One is whether the defendant trained periodontists, and the other is whether training dentists violates the clause prohibiting providing periodontic services. Perhaps the evidence will show that the defendant did not train dentists. In that case the other issue would not even be reached. And so, the question of whether the periodontic training would constitute providing periodontic services would remain open. If the defendant began providing such training, he would have to wait for another suit from the plaintiffs to know whether his conduct violated the covenant. The defendant's declaratory judgment counterclaim, then, is not entirely duplicative of the plaintiffs' cause of action for breach of the covenant not to compete.

The plaintiff argues, alternatively, that the defendants' counterclaim should be dismissed because the defendant has not argued or contended that there is any immediacy to the judgment he seeks. This argument has more traction. A claim for declaratory judgment should only proceed when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. " *Md. Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273 (1941); *Milwaukee Police Ass'n v. Board of Fire & Police Com'rs of City of Milwaukee*, 708 F.3d

2

921, 930 (7th Cir. 2013).

In his answer to plaintiffs' complaint, the defendant denies that he has been training dentists within a fifty mile radius of the practice's current offices. (*Answer*, ¶¶ 56-57). He does not allege that he has any intention of doing so. He is retired and living in Kiawah Island, South Carolina, nearly 800 miles away. (*Answer*, ¶ 4). Moreover, in his response to the plaintiffs' motion to dismiss, the defendant terms it "preposterous" that he would return to the area "rather than live in South Carolina and receive the over-$500,000 that [Dr. Silc] owes him." (*Response in Opposition*, at 3 n.1). He adds that it "makes zero sense." (*Id.*). So, the defendant gives every indication that there is no immediacy to resolving whether the training of dentists within a fifty mile radius of the practice's offices. His counterclaim must be dismissed.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion to dismiss defendants' counterclaim [Dkt. #19] is GRANTED.

ENTERED: /s/ Jeff Cole
UNITED STATES MAGISTRATE JUDGE

DATE: June 18, 2013