**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JENNIFER T. SILC, an individual,** ) | |
| **JENNIFER T. SILC, D.D.S., M.S., LTD,** ) | |
| and Illinois corporation, and ) | |
| **WOODFIELD SURGICAL CENTER,** ) | |
| **LLC,** an Illinois limited liability ) | |
| company, ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | **Case No. 13 C 1306** |
| v. ) | |
| ) | **Magistrate Judge Jeffrey Cole** |
| **HENRY W. CROSSETTI,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

Previously, the defendant moved to strike the plaintiffs' jury demand. The motion was premised on the explicit waiver provisions of the right to trial by jury in a series of promissory notes and a guaranty executed by the plaintiffs. *See infra* at 5, n.4. However, the plaintiffs' claims were based, not on those documents, but on the parties' Stock and Membership Interest Agreement, ("the Agreement"), which contained a broad arbitration clause that provided that "[a]ny controversy or claim arising out of or relating to any provision of this Agreement shall be settled by arbitration, in accordance with the Commercial Arbitration Rules of the American Arbitration Association . . . ." (Agreement, § 14).

The defendant's reply brief did address the question of waiver stemming from the arbitration clause, but as the ruling on the motion explained, that was too late. *See Dexia Credit Local v. Rogan,* 629 F.3d 612, 625 (7th Cir. 2010). Although the defendant's motion was denied, he was given the option of filing a new motion, addressing the effect of the arbitration clause on the plaintiffs' right to trial by jury. The "Supplemental Motion to Strike Jury Demand" again refers to

the express jury waivers in the series of promissory notes and guaranty, but now rightly focuses on the Agreement's arbitration clause.

An arbitration clause in a contract constitutes a deliberate selection by the parties of an alternative method of dispute resolution that involves neither courts nor juries. *See Janiga v. Questar Capital Corp.*, 615 F.3d 735, 743 (7th Cir. 2010); *Carter v. SSC Odin Operating Co., LLC,* 237 Ill.2d 30, 50, 927 N.E.2d 1207, 1220 (2010). Since the Seventh Amendment right to trial by jury is incident to and predicated upon the right to a federal judicial forum, an arbitration provision waives the right to resolve a dispute through litigation in a judicial forum and implicitly and necessarily waives the parties' right to a jury trial. *See Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 756 (7th Cir. 2002); *Geldermann, Inc. v. Commodity Futures Trading Comm'n ,* 836 F.2d 310, 324 (7th Cir. 1987)(in light of the arbitration clause, "Geldermann is not entitled to an Article III forum [and therefore] the Seventh Amendment is not implicated.").[1]

As we shall see, a critical question in this case – indeed the threshold inquiry – is whether there has been a waiver by the parties of the right to arbitrate, for the implicit waiver of the right to trial by jury, being an indivisible component of the agreement to arbitrate, obviously cannot remain operative of its own force if the parties forgo arbitration by proceeding in a judicial rather than an arbitral forum. Phrased differently, one cannot waive arbitration and leave the implied jury waiver intact since the latter does not exist without the former.

---

[1] Arbitration is, at bottom, "another form of jury waiver". *IFC Credit Corp. v. United Business & Indus. Federal Credit Union,* 512 F.3d 989, 992 (7th Cir. 2008). *See also Robert Bosch Corp. v. ASC, Inc.*, 195 Fed.Appx. 503, 507 (6th Cir. 2006)("The loss of a right to a civil jury is trial is a 'fairly obvious consequence' of failing to object to an arbitration clause"); *Belom v. National Futures Ass'n,* 284 F.3d 795, 799 (7th Cir. 2002); *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.,* 50 F.3d 388, 390 (7th Cir. 1995); *Ciago v. Ameriquest Mtg. Co.*, 295 F.Supp 2d 324,331 (S.D.N.Y. 2003);*Marsh v. First USA Bank, N.A.,* 103 F.Supp.2d 909, 921-922 (N.D.Tex. 2000).

Waiver of the contractual right to arbitrate can be express or implied. Courts "must examine the totality of the circumstances and 'determine whether based on all the circumstances, the [party against whom the waiver is to be enforced] has acted inconsistently with the right to arbitrate.'" *Ernst & Young LLP*, 304 F.3d at 756. (brackets in original). *See also Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc.*, 660 F.3d 988, 994 (7th Cir. 2011). The question is whether that party did "all [he] could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration." *Cabinetree of Wisconsin, Inc.,* 50 F.3d at 391. The plaintiffs have presumptively waived the right to arbitration by filing and prosecuting the case in a federal judicial forum. *Grumhaus v. Comerica Securities, Inc*. 223 F.3d 648, 650 (7th Cir.2000).[2] And so too, it would appear, has Dr. Crossetti, who has done nothing to effectuate arbitration during the five months that the case has been pending in this court.

Not only has he not invoked the arbitration clause and sought to compel arbitration, he has vigorously pursued the litigation by filing a counterclaim for declaratory judgment, two motions to

---

[2] In *Cabinetree*, the court said: "

We have said that invoking judicial process is *presumptive* waiver. For it is easy to imagine situations—they have arisen in previous cases—in which such invocation does not signify an intention to proceed in a court to the exclusion of arbitration. There might be doubts about arbitrability, and fear that should the doubts be resolved adversely the statute of limitations might have run. Some issues might be arbitrable, and others not. The shape of the case might so alter as a result of unexpected developments during discovery or otherwise that it might become obvious that the party should be relieved from its waiver and arbitration allowed to proceed. We need not try to be exhaustive. It is enough to hold that while normally the decision to proceed in a judicial forum is a waiver of arbitration, a variety of circumstances may make the case abnormal, and then the district court should find no waiver or should permit a previous waiver to be rescinded.

50 F.3d at 390-391 (Emphasis in original)(citations omitted).

3

strike the plaintiffs' jury demand, a protective order, and a confidentiality order. He has also consented to the jurisdiction of a magistrate judge, thereby allowing me to "conduct any and all further proceedings in this case, including trial, and order the entry of a final judgment." [Dkt. #22]. Taken as a whole, the defendant's actions appear to be inconsistent with an intent to arbitrate. *See Kawasaki Heavy Industries, Ltd.,* 660 F.3d at 994; *Armstrong v. LaSalle Bank Nat. Ass'n*, 552 F.3d 613, 616 (7th Cir. 2009).[3]

If a plaintiff waives the right to arbitrate by proceeding in a judicial forum, that waiver obviously and necessarily ends the implicit waiver of the right to trial by jury. The same is true of a defendant who chooses to proceed in the judicial forum chosen by our hypothetical plaintiff instead of seeking to compel arbitration. In that context, there is no tension between either the plaintiff or defendant making a demand for a jury trial. But what if our hypothetical defendant – like the defendant in this case – insists that even though both parties have chosen to proceed in a judicial forum, the implied waiver of the right to trial by jury inherent in arbitration still binds the *plaintiff*? Extended discussion is not needed to show that not only would it be illogical, but exceedingly inequitable to allow the defendant to insist that an indivisible component of the arbitration agreement that he, himself, has waived nonetheless continues to be operative against the plaintiff (who has not made a jury demand in the federal forum).[4]

Finally, there is the defendant's central argument that when one looks to the intent of the contracting parties at the time of the Agreement (as well as to the notes and guaranty), it is

---

[3] The defendant has not conceded that he has waived arbitration. Should he seek arbitration, there will be time enough to definitively decide the question of his apparent waiver.

[4] Under Rule 39(b), Federal Rules of Civil Procedure, issues on which a jury trial are not properly demanded are to be tried by the court.

4

immediately apparent that any controversies between the parties arising out of the various undertakings and agreements not be resolved by a jury. Consequently, the argument goes, the plaintiffs' jury demand on the claims under the Agreement must be stricken to effectuate that overarching intent. While Dr. Crossetti is right that in interpreting any contract a court must look to the parties' objective intent as shown by the contract's language, *Gore v. Alltel Communications, LLC*, 666 F.3d 1027, 1033 (7th Cir.2012); *Board of Directors of Plum Creek Condominium Ass'n v. Lorman*, 2013 WL 3820864, 4 (1st Dist.2013), his conclusion about the parties' intent in this case is mistaken.

The intent of the parties in agreeing to arbitration in the Agreement – and that is the operative document – was that in the event of any dispute arising out of the Agreement, the parties would forego a judicial forum and have the case resolved pursuant to the Commercial Arbitration Rules of the American Arbitration Association. Unlike the expansive, express, jury waivers in the guaranty and notes ( which did not contain an arbitration clause and thus envisioned a judicial forum for disputes arising out of those undertakings),[5] the Agreement's implicit jury waiver depended on an arbitration occurring. The Agreement contained not a hint that the right to a jury trial would be unavailable (i.e. waived) if a dispute proceeded in an Article III forum. Yet, under the defendant's construction of the Agreement, that is precisely what would occur even though that result would

---

[5] The waivers in the notes provide: "DEBTOR HEREBY WAIVES HER [or ITS] RIGHT TO A TRIAL BY JURY IN CONNECTION WITH ANY LEGAL PROCEEDING PERTAINING TO THIS NOTE." (*Defendant's Motion*, ¶3)(Uppercase in original). The waiver in the Guaranty – with Dr. Silc as guarantor and Dr. Crossetti as lender – covered "ANY DISPUTE (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) BETWEEN OR AMONG THE GUARANTOR ARISING OUT OF OR IN ANY WAY RELATED TO THIS GUARANTY, THE NOTE, OR ANY RELATIONSHIP BETWEEN THE LENDER AND THE GUARANTOR. THIS PROVISION IS A MATERIAL INDUCEMENT TO THE LENDER TO PROVIDE THE FINANCING HEREIN AND IN THE NOTE." (Capitalization and parentheses in original).

plainly contravene basic contract principles and the Supreme Court's repeated admonition that arbitration is a matter of contract, and "courts must 'rigorously enforce' arbitration agreements according to their terms." *American Exp. Co. v. Italian Colors Restaurant*, _U.S._, 133 S.Ct. 2304, 2309 (2013); *AT&T Mobility LLC v. Conception,* _ U.S. _, 131 S.Ct. 1740, 1742 (2011). *Accord, Gore v. Alltel Communications, LLC*, 666 F.3d 1027 (7th Cir. 2012).

The defendant's brief cites not a single case supportive of its argument. Although not cited by either side, there are cases that have considered the question raised here and have concluded that a motion to strike a jury demand following a waiver of arbitration must be denied. In *Nat'l Iranian Oil Co. v. Ashland Oil, Inc.,* 716 F.Supp. 268 (S.D.Miss. 1989), the court said:

> It is clear that the implicit waiver of trial by jury in an agreement to arbitrate constitutes a waiver of the entire litigation process in the judicial system; if a dispute nevertheless ends up in the courts, it stands to reason that the litigation is to proceed without an attempt on the court's part to somehow mimic arbitration. In such cases, the full judicial process, *including any right to a jury trial which may have existed,* becomes available to the parties. To hold otherwise could lead to such illogical consequences as the denial of the discovery process in litigation between parties that had agreed to but are precluded from arbitrating their dispute. Ashland cannot be held to have waived its right to a jury as to NIOC's claims against it since the relinquishment of that right was intended only when the parties expected that there would in fact be arbitration.

*Id.* at 270 (Emphasis supplied).

*World Wide Communications, Inc. v. Rozar*, 1998 WL 386413 (S.D.N.Y. 1998) expressly endorsed *Ashland Oil*'s reasoning:

> We similarly find that to allow [plaintiff, World Wide] Communications' attempt to "mimic arbitration" by precluding the jury from considering the counterclaims would be an illogical consequence where Communications has waived enforcement of the arbitration clause and where Communications' claims are, in fact, being litigated in court and are about to be tried to a jury. Indeed,

6

> Communications' argument that after it sued in federal court, fully availed itself of judicial procedures (not normally available in arbitration), and waived any application to enforce the arbitration agreement, we should enforce the arbitration clause to deny [defendant] Networks its jury trial right is indefensible.

1998 WL 386413, 3 (Parenthesis in original).

In sum, if Dr. Crossetti wanted to avoid a jury trial on the plaintiffs' claims, he was required to have invoked the arbitration provision in the Agreement and to have moved to compel arbitration. But he chose not to do so and instead opted to proceed in an Article III forum. He is bound by that "litigation decision," with all its attendant consequences. *World Wide Communications*, 1998 WL 386413, 2. *Cf., Crowe ex. rel. Crowe v. Zeigler Coal Co.,* 646 F.3d 435, 444 (7th Cir. 2011); *Abbott Laboratories v. Takeda Pharmaceutical Co. Ltd*, 476 F.3d 421 (7th Cir. 2007); *Lynch, Inc. v. SamataMason Inc. ,* 279 F.3d 487, 490-492 (7th Cir. 2002); *United States v. Upton,* 24 Fed.Appx. 564, 565 (7th Cir. 2001).

## CONCLUSION

The defendant's Supplemental Motion To Strike The Plaintiffs' Jury Demand [Dkt. #37] is DENIED.

ENTERED:_____
UNITED STATES MAGISTRATE JUDGE

DATE: 7/29/13